Filed 2/3/23  P. v. King CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>WARREN JOSEPH KING,<br><br>      Defendant and Appellant. | A165028<br><br>(Contra Costa County<br>Super. Ct. No. 5-100326-8) |

Defendant Warren King appeals from the denial of his petition for resentencing under Penal Code former section 1170.95, now section 1172.6, based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437).[1]  King's appellate counsel filed a *Wende*[2] brief asking this court for an independent review of the record to determine whether any arguable issues exist.

Recently, our state Supreme Court held that there is no right to *Wende* review in section 1172.6 appeals, but it established a procedural framework to follow when counsel finds no arguable issues.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221–222 (*Delgadillo*).)  Under that framework, we gave notice to King that he had the right to file a supplemental letter or brief or his

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Wende* (1979) 25 Cal.3d 436.

1

appeal could be dismissed. (See *id.* at pp. 231–232.) He filed a letter raising several issues, requiring us to issue an opinion evaluating them. (See *id.* at p. 232.) We conclude that none of King's claims have merit and affirm.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

Based on the 2009 killing of John Lyles, a jury convicted King of one count of second degree murder and found true that he personally and intentionally discharged a firearm causing death. The jury also convicted King of being a felon in possession of a firearm, and the trial court found that he had three prior serious-felony convictions.[3] On appeal, this division struck one of the serious-felony enhancements but otherwise affirmed, resulting in a sentence of 50 years to life in prison.[4] (*People v. King* (Feb. 28, 2012, A130713) [nonpub. opn.].)

In July 2019, King filed his resentencing petition, in which he declared that he was convicted of murder on a theory of felony murder or under the natural and probable consequences doctrine and could no longer be convicted of murder because of changes to the law made by Senate Bill 1437. The petition was inadvertently overlooked, and it remained pending for over two years before the trial court appointed counsel for King and set a briefing schedule.

---

[3] King was convicted under section 187 (murder) and former section 12021, subdivision (a)(1), now section 29800, subdivision (a)(1) (felon in possession of firearm). The sentencing enhancements were found true under sections 12022.53, subdivision (d) (firearm discharge), and 667, subdivision (a)(1) (prior serious-felony conviction).

[4] In its order, the trial court stated that it did not consider our prior opinion, the trial transcript, or other materials evincing the underlying facts. Likewise, we need not discuss those facts to decide this appeal.

The People opposed the petition, contending that King could still be convicted of murder because he acted with malice aforethought and, even if he had been convicted of felony murder, he was the actual killer and therefore ineligible for relief. King responded that he had made a prima facie showing of entitlement to relief, based on his declaration that he met all the requirements for resentencing, and he argued that the trial court should issue an order to show cause.

In February 2022, the trial court issued an order denying King's resentencing petition for failure to make a prima facie showing of entitlement to relief. The court took judicial notice of the jury instructions from King's trial, which "show[ed] that the jury was not instructed on felony murder or liability for aiding and abetting under the natural and probable consequence[s] doctrine." Since "[t]he instructions permitted the jury to convict [King] of second degree murder only if it found express or implied malice," he could still be convicted of murder under the current law, and "the record conclusively refute[d] the petition's contrary allegations."

King appealed, and his appellate counsel filed a *Wende* brief. Shortly after, the Supreme Court filed its opinion in *Delgadillo*. We then sent King a letter informing him that he had the right to file a supplemental brief within 30 days raising any issues he thought should be reviewed, and if he did not do so his appeal could be dismissed. In response, he timely sent us a letter raising several claims.

## II.
### DISCUSSION

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to

3

kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill 1437 added [former] section 1170.95, [now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

Under *Delgadillo*, if a no-issues brief is filed in a section 1172.6 appeal and the defendant then "files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We are not required to conduct "an independent review of the entire record to identify unraised issues." (*Ibid.*)

King's letter mainly discusses issues related to his trial that are not cognizable in section 1172.6 proceedings. King claims that his murder conviction should be overturned because the prosecutor withheld exculpatory evidence and committed other misconduct and some witnesses gave perjured testimony. But section 1172.6 is not a vehicle for establishing prosecutorial misconduct or attacking the evidence admitted at trial. Resentencing proceedings under the statute involve "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of "errors in past factfinding." (*People v. Strong* (2022) 13 Cal.5th 698, 713–714.)

In particular, we are not persuaded by King's claim that "according to the amendments made to sections 188 and 189," he has "a due process right to have the history, the witness testimonies, and any and all exhibits that [were] used in [his] case . . . thoroughly examined." True, if an order to show cause issues and an evidentiary hearing is held, determining whether a

4

defendant is entitled to relief under section 1172.6 may require an examination of the trial evidence. (See § 1172.6, subd. (d)(3).) That review would not, however, extend to determining whether prosecutorial misconduct or perjury occurred. King provides no authority to the contrary.

King also claims that his appointed attorneys below and on appeal rendered ineffective assistance of counsel. He states that although he explained the broad scope of review he believes is available in this proceeding, "the attorn[eys] in question told [him] that [sections] 1170.95 and 1172.6 [were] only made for felony murder [and] . . . the natural and probable consequences doctrine and nothing else!" As noted, section 1172.6 does not authorize a review of any objection a defendant might have about the proceedings leading to the conviction. Instead, it focuses on whether the defendant could have been convicted of murder had the later amendments to sections 188 and 189 been in effect. Thus, the attorneys' view of the law was correct, meaning their representation did not "[fall] below an objective standard of reasonableness" as required to establish ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 688.)

Finally, although we are not required to address this point, we conclude that the trial court properly denied King's resentencing petition for failure to make a prima facie showing of entitlement to relief under section 1172.6. In relevant part, the statute requires that the defendant was "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) King checked a box on his petition stating that he was convicted at trial of "1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," but the jury instructions show that the jury

5

was not instructed on either theory of murder liability.  Thus, the court properly rejected King's characterization of his conviction.  (See *People v. Lewis*, *supra*, 11 Cal.5th at p. 971.)

III.
DISPOSITION

The February 28, 2022 order denying King's section 1172.6 petition is affirmed.

6

_____

Humes, P.J.


WE CONCUR:


_____

Banke, J.


_____

Swope, J. *


     *Judge of the Superior Court of the County of San Mateo, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. King* A165028